UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIGER INDUSTRIES, INC.                                CIVIL ACTION

VERSUS                                                        No. 12-0377

THOMAS BALKE, *et al.*                                SECTION: "A" (2)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 34)**

filed by Defendants Thomas Balke and Basic Engineering, Inc.  Plaintiff Tiger Industries, Inc.

opposes the motion.  The motion is set for hearing on November 6, 2013, and is before the Court

on the briefs without oral argument.[1]  For the reasons that follow, the motion is **GRANTED**.

I.      **Background**

Plaintiff alleges that it entered into a contract with Defendants at a time no later than

February 1, 2007, whereby Plaintiff would provide certain services to Defendants and Defendants

would pay the invoices generated by these services.[2]  Plaintiff contends that it received three separate

purchase orders from Defendants during 2007 and 2008, under which Plaintiff performed re-tubing

and refurbishment services on Defendants' equipment.  Plaintiff further alleges that through at least

July 10, 2008, it sent several invoices to Defendants in connection with these services that

Defendants failed to pay.[3]  On February 7, 2012, Plaintiff filed a breach of contract complaint

against Defendants seeking damages for Defendants' alleged failure to pay these outstanding

---

[1]The Court notes that Defendants requested oral argument (Rec. Doc. 36); however, the Court determined that it was not necessary.

[2]Rec. Doc. 1, Complaint at ¶ 9.

[3]*Id.* at ¶ 10 & 14.

invoices.  Defendants now seek a dismissal of Plaintiff's claim on the basis of prescription.

## II.    The Parties' Contentions

Defendants argue that Plaintiff's claim is prescribed because the applicable prescriptive period is three years pursuant to Louisiana Civil Code article 3494.  Defendants assert that Plaintiff's complaint seeks recovery of compensation for services rendered and, moreover, is one on an open account.  Defendants argue that on both of these separate and distinct grounds, the three-year prescriptive period of Civil Code article 3494 is applicable.  The last disputed invoice is dated July 10, 2008.  Since the complaint was filed on February 7, 2012, more than three years later, Defendants now move for dismissal under Federal Rules of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.

In opposition to the motion, Plaintiff argues that its claim against Defendants is not prescribed because the applicable prescriptive period is ten years pursuant to Louisiana Civil Code article 3499.  Plaintiff argues that the true nature of the transactions at issue is not that of an open account, but rather is that of a contract, which has a prescriptive period of ten years.  Since the disputed invoices pertain to work performed in 2007 and 2008, Plaintiff argues that its cause of action has not prescribed and that its lawsuit was timely filed.

## III.   Analysis

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.[4]  However, the foregoing tenet is inapplicable to legal conclusions.[5]  Thread-bare recitals of the elements of a cause

---

[4]*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)).

[5]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

of action, supported by mere conclusory statements, do not suffice.[6]

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.[7]  To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face."[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[10]  Legal conclusions must be supported by factual allegations.[11]

Plaintiffs allegedly performed the work and issued the disputed invoices in 2007 and 2008 and then filed this suit in 2012.  Based on these facts, if Plaintiff's assertion that the ten year prescriptive period applies is correct, then its claim against Defendants is not prescribed.  However, if Defendants' assertion that the three year prescriptive period applies is correct, then Plaintiff's suit was not timely filed.  Thus, the only way Plaintiff can recover from Defendants is if the ten year prescriptive period from Civil Code article 3499 applies.

Louisiana Civil Code article 3499 is generally applicable to personal actions under a contract. Louisiana Civil Code article 3499 states: "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."  In considering the introductory clause of Civil

---

[6]*Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

[7]*Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

[8]*Id.* (*quoting Iqbal*, 129 S. Ct. at 1949).

[9]*Id.*

[10]*Id.* (*quoting Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

[11]*Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

Code article 3499, Louisiana courts have characterized it as a "catch-all" provision that is to be applied to personal actions only when the Legislature has failed to assign a specific prescriptive period to cover the specific type of personal action at issue.[12]

One instance in which the Legislature has provided an exception to ten year prescription on personal actions is in Louisiana Civil Code article 3494, which states in pertinent part:

> The following actions are subject to a liberative prescription of three years: (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board; ... (4) An action on an open account; ...[13]

This three year prescription under Civil Code article 3494 limits the demands that can be made in a personal action brought more than three years after the cause of action arose.[14]

Defendants argue that Plaintiff's action falls within the ambit of Civil Code article 3494 under section (1) because it is an action for the recovery of compensation for services rendered, as well as under section (4) because it is an action on open account.  In its opposition, Plaintiff does not address the issue of whether the action is to recover for services rendered, but rather solely contests whether the transactions at the heart of this dispute can be classified as being on open account.

Under Louisiana law, the character of an action as disclosed in the pleadings determines the prescriptive period applicable to that action.[15]  "Open account" is defined in La. Rev. Stat. Ann.

---

[12] *Parry v. Administrators of Tulane Educ. Fund*, 2002-0382 (La. App. 4 Cir. 9/4/02), 828 So. 2d 30, 40.

[13] La. Civ. Code art. 3494.

[14] *Starns v. Emmons*, 538 So. 2d 275, 277 (La. 1989).

[15] *Id.* (*citing Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So.2d 192 (La. 1978); *Federal Insurance Co. v. Insurance Company of North America*, 262 La. 509 (1972); *Importsales, Inc. v. Lindeman*, 231 La. 663 (1957)).

§ 9:2781(D), as follows:

> For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services...[16]

The Louisiana Supreme Court has stated that because the language of this statute is clear and unambiguous on its face and its application leads to no absurd consequences, it must be applied as written.[17]

In its complaint Plaintiff alleges entering into a contract with Defendants for services rendered which gave rise to numerous invoices issued through at least July 10, 2008.  Plaintiff's complaint further alleges that these invoices have not been paid.  These pleadings portray accounts that Defendants had with Plaintiff that have balances that are past due, in compliance with the plain language of the statutory definition of "open account."

The Louisiana Supreme Court has held that any account which fits this definition of an open account, including but not limited to an account for professional services, fits within the ambit of the statute.[18]  This holding resolved any doubt as to whether certain types of services can be classified as on open account.  Thus, the past due balances for machine refurbishment services in this case can be classified as on open account.

_____

[16] La. Rev. Stat. Ann. § 9:2781.  The Court notes the language in this statute which indicates that it is being provided "[f]or the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916." Nothing on the face of this statute states that it is to be used *solely* in conjunction with the specified legislation. Further, the statute is found in Title 9, Code Book III, Code Title IV, Chapter 3, which pertains to Performance of Obligations. Plaintiff has raised no defense that would impugn the application of this definition to Louisiana Civil Code article 3494.

[17] *Frey Plumbing Co., Inc. v. Foster*, 2007-1091 (La. 2/26/08), 996 So. 2d 969, 972.

[18] *Id.*

In its argument for ten year prescription, Plaintiff contends that its cause of action is under breach of contract rather than on open account.  However, Louisiana courts uniformly reject attempts to circumvent the three year prescription period of Civil Code article 3494 by categorizing the action as sounding in breach of contract.[19]  These courts cite the following reasoning of the Louisiana Supreme Court:

> Such a rationale, however, cannot stand, because it renders article 3494 useless. All of the actions covered by the provisions of that article essentially arise from contractual relationships. Article 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years.[20]

The Louisiana Supreme Court has asserted that a breach of contract should not be viewed as a free standing cause of action, but rather as a legal remedy which gives rise to the right to claim some substantive remedy at law.[21]

Plaintiff also argues that its transactions were not on open account because they were done on a job-by-job basis.  The Louisiana Supreme Court has stated that under a plain reading of the statutory definition, there is no requirement that there must be one or more transaction between the parties, nor that the parties must anticipate future transactions.[22]  The Court went on to state that to the extent that any prior case law has imposed any requirements which are inconsistent with the clear language of the statute, those cases are overruled.  Thus, classifying three separate transactions as being completely independent of each other does not prevent the existence of an open account.

Because the Court finds that Plaintiff's cause of action is on open account, the three year

---

[19]*Parry v. Administrators of Tulane Educ. Fund*, 2002-0382 (La. App. 4 Cir. 9/4/02), 828 So. 2d 30, 39.

[20]*Starns v. Emmons*, 538 So. 2d 275, 278 (La. 1989).

[21]*Grabert v. Iberia Parish Sch. Bd.*, 93-2715 (La. 7/5/94), 638 So. 2d 645, 646.

[22]*Frey Plumbing Co., Inc. v. Foster*, 2007-1091 (La. 2/26/08), 996 So. 2d 969, 972.

prescription period under Civil Code article 3494 (4) applies. The Court need not discuss whether the three year prescription period should also apply under Civil Code article 3494 (1), regarding compensation for services rendered.

Having concluded that the three year prescription period under Civil Code article 3494 applies, Plaintiff's action was prescribed before proceedings were instituted.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 34)** filed by Defendants Thomas Balke and Basic Engineering, Inc. is hereby **GRANTED**. Plaintiff's claims are dismissed with prejudice.

New Orleans, Louisiana, this 18th day of November, 2013.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE